Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANN TRAVIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>AEROJET ROCKETDYNE HOLDINGS, INC., EILEEN P. DRAKE, KATHLEEN E. REDD, AND SCOTT J. SEYMOUR,<br><br>Defendants. | Case No.:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>JURY TRIAL DEMANDED |

Plaintiff Juliann Travis, individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's Complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Securities and Exchange

Commission ("SEC") filings by Aerojet Rocketdyne Holdings, Inc. ("Aerojet" or the "Company"), as well as media and reports about the Company. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of all persons and entities, other than defendants, who purchased the securities of Aerojet during the period of October 15, 2013 through February 1, 2016, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws (the "Class").

2. Aerojet designs, develops, manufactures, and sells aerospace and defense products and systems along with a real estate segment that includes activities related to the re-zoning, entitlement, sale, and leasing of the Company's excess real estate assets. Aerojet develops and manufactures propulsion systems for defense and space applications, and armaments for precision tactical and long-range weapon systems applications.

3. Aerojet's operations are organized into two segments: (i) Aerospace and Defense and (ii) Real Estate.

## JURISDICTION AND VENUE

4. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78b-1 and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. §240.10b-5.

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

6. Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b) as a substantial part of

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

the conduct complained of herein occurred. Defendant Aerojet maintains its headquarters and conducts business in this District.

7. In connection with the acts alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

8. Plaintiff Juliann Travis, as set forth in the accompanying certification incorporated by reference herein, purchased Aerojet securities during the Class Period and has been damaged thereby.

9. Defendant Aerojet, formally known as GenCorp Inc. until April 2015, is organized under the laws of Delaware and headquartered in Rancho Cordova, California. The Company's securities are listed on the New York Stock Exchange ("NYSE"), an efficient market, under the ticker symbol "AJRD."

10. Defendant Eileen P. Drake ("Drake") has been Aerojet's Chief Executive Officer ("CEO") and President since June 1, 2015 to the present.

11. Defendant Kathleen E. Redd ("Redd") has been Aerojet's Chief Financial Officer ("CFO") throughout the Class Period.

12. Defendant Scott J. Seymour ("Seymour") was Aerojet's CEO and President from the beginning of the Class Period until his retirement took effect on June 1, 2015.

13. Defendants Drake, Redd, and Seymour are collectively are referred to herein as the "Individual Defendants."

14. Aerojet and the Individual Defendants are referred to herein, collectively, as "Defendants."

15. Each of the Individual Defendants:

 (a) directly participated in the management of the Company;

3
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

    (b) was directly involved in the day-to-day operations of the Company at the highest levels;

    (c) was privy to confidential proprietary information concerning the Company and its business and operations;

    (d) was involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

    (e) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and

    (f) approved or ratified these statements in violation of the federal securities laws.

  16. As officers, directors, and controlling persons of a publicly-held company whose securities are and were registered with the SEC pursuant to the Exchange Act, and were traded on NYSE and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate accurate and truthful information promptly with respect to the Company's business prospects and operations, and to correct any previously-issued statements that had become materially misleading or untrue to allow the market price of the Company's publicly-traded stock to reflect truthful and accurate information.

  17. Aerojet is liable for the acts of the Individual Defendants and its employees under the doctrine of respondeat superior and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

  18. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Aerojet under respondeat superior and agency principles.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## SUBSTANTIVE ALLEGATIONS

### Background

19. Aerojet designs, develops, manufactures, and sells aerospace and defense products and systems along with a real estate segment that includes activities related to the re-zoning, entitlement, sale, and leasing of the Company's excess real estate assets. Aerojet develops and manufactures propulsion systems for defense and space applications, and armaments for precision tactical and long-range weapon systems applications.

20. Aerojet's operations are organized into two segments: (i) Aerospace and Defense and (ii) Real Estate.

### Defendants' False and Misleading Class Period Statements

21. On October 15, 2013, the Company filed a Form 10-Q with the SEC for the quarter ending August 31, 2013 (the "3Q13 10-Q"). The 3Q13 10-Q included financial statements for the third quarter of 2013. The 3Q13 10-Q was signed by Defendants Redd and Seymour. Attached to the 3Q13 10-Q were Sarbanes-Oxley Act of 2002 ("SOX") certifications signed by Defendants Redd and Seymour attesting to the accuracy of the financial statements and that all fraud was disclosed.

22. On Februarys 7, 2014, the Company filed its annual report for the year ending November 30, 2013 with the SEC on Form 10-K (the "2013 10-K"). The 2013 10-K included financial statements for the full year of 2013. The 2013 10-K was signed by Defendants Redd and Seymour. Attached to the 2013 10-K were SOX certifications signed by Defendants Redd and Seymour attesting to the accuracy of the financial statements and that all fraud was disclosed.

23. On March 31, 2014, the Company filed a Form 10-Q with the SEC for the quarter ending February 28, 2014 (the "1Q14 10-Q"). The 1Q14 10-Q included financial statements for the first quarter of 2014. The 1Q14 10-Q was signed by Defendants Redd and Seymour. Attached to the 1Q14 10-Q were SOX

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1  certifications signed by Defendants Redd and Seymour attesting to the accuracy of
2  the financial statements and that all fraud was disclosed.

3        24.    On July 9, 2014, the Company filed a Form 10-Q with the SEC for the
4  quarter ending May 31, 2014 (the "2Q14 10-Q"). The 2Q14 10-Q included
5  financial statements for the second quarter of 2014. The 2Q14 10-Q was signed by
6  Defendants Redd and Seymour. Attached to the 2Q14 10-Q were SOX
7  certifications signed by Defendants Redd and Seymour attesting to the accuracy of
8  the financial statements and that all fraud was disclosed.

9        25.    On October 10, 2014, the Company filed a Form 10-Q with the SEC
10 for the quarter ending August 31, 2014 (the "3Q14 10-Q"). The 3Q14 10-Q
11 included financial statements for the third quarter of 2014. The 3Q14 10-Q was
12 signed by Defendants Redd and Seymour. Attached to the 3Q14 10-Q were SOX
13 certifications signed by Defendants Redd and Seymour attesting to the accuracy of
14 the financial statements and that all fraud was disclosed.

15       26.    On January 30, 2015, the Company filed its annual report for the year
16 ending November 30, 2014 with the SEC on Form 10-K (the "2014 10-K"). The
17 2014 10-K included financial statements for the full year of 2014. The 2014 10-K
18 was signed by Defendants Redd and Seymour. Attached to the 2014 10-K were
19 SOX certifications signed by Defendants Redd and Seymour attesting to the
20 accuracy of the financial statements and that all fraud was disclosed.

21       27.    On April 9, 2015, the Company filed a Form 10-Q with the SEC for
22 the quarter ending February 28, 2015 (the "1Q15 10-Q"). The 1Q15 10-Q included
23 financial statements for the first quarter of 2015. The 1Q15 10-Q was signed by
24 Defendants Redd and Seymour. Attached to the 1Q15 10-Q were SOX
25 certifications signed by Defendants Redd and Seymour attesting to the accuracy of
26 the financial statements and that all fraud was disclosed.

27       28.    On July 10, 2015, the Company filed a Form 10-Q with the SEC for
28 the quarter ending May 31, 2015 (the "2Q15 10-Q"). The 2Q15 10-Q included
financial statements for the second quarter of 2015. The 2Q15 10-Q was signed by

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

Defendants Drake and Redd. Attached to the 2Q15 10-Q were SOX certifications signed by Defendants Drake and Redd attesting to the accuracy of the financial statements and that all fraud was disclosed.

29. On October 13, 2015, the Company filed a Form 10-Q with the SEC for the quarter ending August 31, 2015 (the "3Q15 10-Q"). The 3Q15 10-Q included financial statements for the third quarter of 2015. The 3Q15 10-Q was signed by Defendants Drake and Redd. Attached to the 3Q15 10-Q were SOX certifications signed by Defendants Drake and Redd attesting to the accuracy of the financial statements and that all fraud was disclosed.

30. The statement referenced in ¶¶21-29 above were materially false and/or misleading because they misinterpreted and failed to disclose the following adverse facts pertaining to the Company's business and operations which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the purchase accounting for contracts acquired as part of the acquisition of the Pratt & Whitney Rocketdyne division from United Technologies Corporation in the quarter ended August 31, 2013 was erroneous; (2) the accounting for changes or modifications to one of the acquired Rocketdyne Business contracts beginning in the quarter ended February 28, 2014 was erroneous; and (3) as a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## **The Truth Emerges**

31. On February 1, 2016, after the market closed, the Company filed a Form 8-K with the SEC disclosing that consolidated financial statements as of and for the fiscal years ended November 30, 2013 and 2014, and the consolidated financial statements as of and for the quarter ended August 31, 2013, and the consolidated financial statements as of and for the quarters ended February 28,

May 31 and August 31, 2014 and 2015 and should no longer be relied upon. The 8-K states in part:

> **Item 4.02 Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review.**
>
> On January 28, 2016, the Audit Committee of the Board of Directors (the "Audit Committee") and management of Aerojet Rocketdyne Holdings, Inc. (the "Company"), after discussions with the Company's independent public registered accounting firm, PricewaterhouseCoopers LLP ("PwC"), concluded that *the consolidated financial statements as of and for the fiscal years ended November 30, 2013 and 2014, and the consolidated financial statements as of and for the quarter ended August 31, 2013, and the consolidated financial statements as of and for the quarters ended February 28, May 31 and August 31, 2014 and 2015, (collectively, the "Previously Issued Financial Statements") need to be restated. Accordingly, the Previously Issued Financial Statements referenced above and other financial data for such periods that related to that information should no longer be relied upon.* PwC and management reevaluated the purchase accounting associated with contracts acquired as part of the acquisition of the Pratt & Whitney Rocketdyne division (the "Rocketdyne Business") from United Technologies Corporation in the quarter ended August 31, 2013 and the accounting for changes or modifications to one of the acquired Rocketdyne Business contracts beginning in the quarter ended February 28, 2014. PwC previously audited the Company's fiscal year 2013 and 2014 consolidated financial statements and reviewed each of the first three quarters of fiscal year 2015. The restatement has no effect on cash received from the Rocketdyne Business acquisition or cash flows generated from operating the Rocketdyne Business.
>
> The Company intends to file as soon as practicable restated consolidated financial statements for fiscal 2013 and 2014 in the Company's Annual Report on Form 10-K for the year ended November 30, 2015 (the "2015 Form 10-K"). In addition, the Company intends to include in the 2015 Form 10-K restated quarterly financial data for all quarters within fiscal 2014 and 2015, and Selected Financial Data for fiscal 2013 and 2014. Based on the

> information regarding prior years that the Company intends to include in its 2015 Form 10-K, the Company does not intend to file amendments to the Company's Annual Reports on Form 10-K for the fiscal years ended on November 30, 2013 and 2014, respectively, or the Quarterly Reports on Form 10-Q for the three months ended August 31, 2013 and for the three months ended February 28, May 31, and August 31, 2014 and 2015, respectively.
>
> When combined with the impact of adjustments in the Previously Issued Financial Statements, the Company anticipates that the correction of the matters described above generally will result in an increase to the Company's loss from continuing operations before income taxes for fiscal 2013 of approximately $9.5 million to $11.5 million and a decrease to the Company's loss from continuing operations before income taxes for fiscal 2014 and the nine months ended August 31, 2015 of approximately $5.0 million to $7.25 million and $0.25 million to $1.0 million, respectively. The Company is finalizing the review and quantification of these matters.
>
> The Audit Committee of the Company and the Company's executive management have discussed the matters disclosed in this Form 8-K pursuant to this Item 4.02(a) with the Company's independent registered public accounting firm, PwC.
>
> Management is assessing the effect and the impact of the above matters on its conclusion on internal control over financial reporting as of November 30, 2015. The Company will report its conclusion regarding the Company's internal control over financial reporting and the effectiveness of its disclosure controls and procedures in the 2015 Form 10-K.

(emphasis added).

32. On this news, shares of Aerojet fell $0.56 per share or over 3.6% from its previous closing price to close at $14.68 per share on February 2, 2016, damaging investors.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## ADDITIONAL SCIENTER ALLEGATIONS

33. As alleged herein, Aerojet and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, these Defendants, by virtue of their receipt of information reflecting the true facts regarding Aerojet, their control over, and/or receipt and/or modification of Aerojet's allegedly materially misleading statements and/or their associations with the Company which made them privy to confidential proprietary information concerning Aerojet, participated in the fraudulent scheme alleged herein.

## LOSS CAUSATION/ECONOMIC LOSS

34. The market for Aerojet securities was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and omissions as set forth above, Aerojet securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Aerojet securities relying upon the integrity of the market price of Aerojet securities and market information relating to Aerojet, and have been damaged thereby.

35. During the Class Period, as detailed herein, Defendants made false and misleading statements and engaged in a scheme to deceive the market and a course of conduct that artificially inflated the price of Aerojet securities and operated as a fraud or deceit on Class Period purchasers of Aerojet securities by misrepresenting the value of the Company's business and prospects by providing guidance figures that were unrealistic. As Defendants' misrepresentations and fraudulent conduct became apparent to the market, the price of Aerojet securities

fell precipitously, as the prior artificial inflation came out of the price. As a result of their purchases of Aerojet securities during the Class Period, Plaintiff and other members of the Class suffered economic loss, i.e., damages, under the federal securities laws.

36. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused, or were a substantial contributing cause of, the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false or misleading statements about Aerojet's business and operations. These material misstatements and omissions had the cause and effect of creating, in the market, an unrealistically positive assessment of Aerojet and its business and financial condition, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing Aerojet securities at artificially inflated prices, thus causing the damages complained of herein. When the true facts about the Company were revealed to the market, the inflation in the price of Aerojet securities was removed and the price of Aerojet securities declined dramatically, causing losses to Plaintiff and the other members of the Class.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Aerojet securities traded on NYSE during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate

families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

38. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Aerojet securities were actively traded on NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Aerojet or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

39. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

40. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

41. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business and financial condition of Aerojet;
- whether the Individual Defendants caused Aerojet to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;
- whether the prices of Aerojet securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and,
- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

43. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;
- the omissions and misrepresentations were material;
- Aerojet securities are traded in efficient markets;
- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;
- the Company traded on NYSE, and was covered by multiple analysts;
- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and
- Plaintiff and members of the Class purchased and/or sold Aerojet securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

44. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

45. Alternatively, Plaintiffs and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

46. At all relevant times, the market for Aerojet's securities was an efficient market for the following reasons, among others:

47. As a result of the foregoing, the market for Aerojet's securities promptly digested current information regarding Aerojet from all publicly available sources and reflected such information in Aerojet's stock price. Under these circumstances, all purchasers of Aerojet's securities during the Class Period suffered similar injury through their purchase of Aerojet's securities at artificially inflated prices, and a presumption of reliance applies.

## FIRST CLAIM

### Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants

48. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

49. This cause of action is asserted against all Defendants.

50. During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to, and throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase and/or sell Aerojet's securities at artificially inflated and distorted prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, individually and as a group, took the actions set forth herein.

51. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of Aerojet as specified herein.

52. Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Aerojet's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Aerojet and its business operations and financial condition in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers Aerojet securities during the Class Period.

53. Each of the Defendants' primary liability, and controlling person liability, arises from the following: (a) Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (b) by virtue of their responsibilities and activities as senior officers and/or directors of the Company, were privy to and participated in the creation, development and reporting of the Company's plans, projections and/or reports; (c) Defendants enjoyed significant personal contact and familiarity with the other members of the Company's management team, internal reports and other data and information about the Company's, operations, and (d) Defendants were aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

54. Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Aerojet's financial condition from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' false and misleading statements during the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by failing to take steps necessary to discover whether those statements were false or misleading.

55. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price for Aerojet's securities was artificially inflated during the Class Period.

56. In ignorance of the fact that market prices of Aerojet's publicly-traded securities were artificially inflated or distorted, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the Company's securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Aerojet's securities during the Class Period at artificially high prices and were damaged thereby.

57. At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding Aerojet's financial results and condition, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired Aerojet securities, or, if they had acquired such

securities during the Class Period, they would not have done so at the artificially inflated prices or distorted prices at which they did.

58. By virtue of the foregoing, the Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

59. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

60. This action was filed within two years of discovery of the fraud and within five years of Plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CLAIM

### Violation of Section 20(a) of The Exchange Act
### Against the Individual Defendants

61. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

62. This second cause of action is asserted against each of the Individual Defendants.

63. The Individual Defendants acted as controlling persons of Aerojet within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of aspects of the Company's dissemination of information to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contend are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press

releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued, and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

64. In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

65. As set forth above, Aerojet and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

66. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act as they culpably participated in the fraud alleged herein. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

67. This action was filed within two years of discovery of the fraud and within five years of Plaintiff's purchases of securities giving rise to the cause of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying plaintiff as Class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiffs counsel as Lead Counsel;

B. Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages

sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

  C. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

  D. Awarding rescission or a rescissory measure of damages; and

  E. Awarding such equitable/injunctive or other relief as deemed appropriate by the Court.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: February 11, 2016  Respectfully submitted,

         **THE ROSEN LAW FIRM, P.A.**

         By: /s/Laurence M. Rosen
         Laurence M. Rosen, Esq. (SBN 219683)
         355 South Grand Avenue, Suite 2450
         Los Angeles, CA 90071
         Telephone: (213) 785-2610
         Facsimile: (213) 226-4684
         Email: lrosen@rosenlegal.com

         Counsel for Plaintiff

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS